UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MANUEL HIDALGO,
on behalf of himself and all others
similarly situated,

                       Plaintiff,                  **COMPLAINT**

            - against -                  **FLSA COLLECTIVE**

DOE DEFENDANT CORP. d/b/a
TAVOLA, and
NICK ACCARDI, individually,

                       Defendants.
------------------------------------------------------------------------X

       Plaintiff Manuel Hidalgo (hereinafter referred to as "Hidalgo" or "Plaintiff"), on behalf of himself and all other similarly situated current and former workers by and through his attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of Doe Defendant Corp. d/b/a Tavola ("Tavola") and Nick Accardi ("Accardi") (collectively "Defendants"), alleges the following:

**NATURE OF THE ACTION**

1. This is a civil action brought by Plaintiff and all others similarly situated to recover unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*("FLSA") and New York Labor Law ("NYLL"). Plaintiff and similarly situated non-exempt workers work or have worked as cooks, food prep workers, bussers and dishwashers for Doe Defendant Corp. d/b/a Tavola, a restaurant owned, controlled and operated by Accardi.

2. Plaintiff further brings this action on behalf of himself and all similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA

and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of overtime provisions of the FLSA by Defendants.

3. In addition, Defendants failed to provide Notice and Acknowledgement of Pay Rate and Payday under Section 195(1) of the NYLL as well as accurate wage statements as required under Section 195(3) of the NYLL.

4. Plaintiff and the FLSA Collective seek injunctive and declaratory relief against Defendants' unlawful actions, compensation for their failure to pay minimum and overtime wages and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

6. This Court has supplemental jurisdiction over the New York state law claims under the principles of supplement jurisdiction.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred in the Southern District.

## PARTIES

### Plaintiff Manuel Hidalgo

8. Plaintiff is and was at all times relevant hereto an adult individual residing in Queens County, New York.

9. Plaintiff worked at Defendants from on or about July 17, 2018 through on or about March 4, 2021.

10. Plaintiff was employed by Defendants as a dishwasher.

11.     Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

**Defendant Doe Defendant Corp. d/b/a Tavola**

12.     Tavola is a restaurant located at 488 9th St., New York, New York 10018.

13.     On information and belief, Nick Accardi is the owner of Tavola.

14.     On information and belief, Tavola has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

**Defendant Nick Accardi**

15.     On information and belief, Accardi maintains control, oversight and direction over Tavola.

16.     Accardi is a person engaged in business in New York County who is sued individually in his capacity as an owner, officer and/or agent of Tavola.

17.     Accardi exercises sufficient control over Tavola to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said defendant had the authority to hire and fire Plaintiff and established and maintained policies regarding the pay practices at Tavola.

18.     Accardi had substantial control over Plaintiff's working conditions and practices alleged herein.

**COLLECTIVE ACTION ALLEGATIONS**

19.     The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of himself and other similarly situated persons who are current and former employees of Defendants since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

20. The FLSA Collective consists of approximately 25 similarly situated current and former cooks, food prep workers, bussers and dishwashers who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

21. As part of their regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This policy includes, *inter alia*, the following:

    i. failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week in compliance with the FLSA; and

    ii. failing to keep accurate records of hours worked by employees as required by the FLSA and NYLL.

22. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing costs and denying employees legally required compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

23. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present action. Those similarly situated employees are known to Defendants, are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

24. The FLSA and NYLL require that employers pay all employees at least one and one-half (1.5) times the employee's wage for all hours worked in excess of 40 during any workweek, unless they are exempt from coverage.

25. Defendants failed to compensate Plaintiff and members of the FLSA Collective at one and one-half times the employee's wage for all hours worked in excess of 40 during any workweek. The exact accounting of such discrepancy can only be determined upon completion of discovery.

26. Plaintiff and members of the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 195(1); and anything otherwise required by law.

## FACTS

**Plaintiff Manuel Hidalgo's Employment with Defendants**

27. Plaintiff worked as a dishwasher for Defendants from on or about July 7, 2018 through on or about March 4, 2021.

28. Plaintiff's job duties as a dishwasher were primarily washing dishes and cleaning the restaurant.

29. Throughout his employment with Defendants, Plaintiff worked more than 40 hours each week.

30. Throughout his employment with Defendants, Plaintiff was not compensated at the appropriate rate of one and one-half times his regular hourly rate of pay for overtime hours worked.

31. Defendants did not require Plaintiff to clock in and clock out each day.

32. Plaintiff did not receive a meal break.

33. Defendants never provided Plaintiff with any documentation as to his hours or his rate of pay.

**Plaintiff Manuel Hidalgo's Work Schedule and Salary at Tavola**

34. Throughout his employment, Plaintiff was scheduled to work six days per week, Sunday through Friday.

35. From on or about July 2018 through on or about November 2018, Plaintiff was scheduled to work from 1:00 p.m. to 11:00 p.m.

36. From on or about December 2018 through on or about March 2021, Plaintiff was scheduled to work from 7:00 a.m. to 5:00 p.m.

37. From on or about July 2018 through on or about November 2018, Plaintiff was paid $11 per hour for all hours worked.

38. From on or about December 2018 through November 2019, Plaintiff was paid $12 per hour for all hours worked.

39. From on or about December 2019 through on or about March 2021, Plaintiff was paid $13 per hour for all hours worked.

40. For the first year of his employment with Defendants, Plaintiff was paid in currency (cash).

41. For the remainder of his employment with Defendants, Plaintiff was paid by check without withholdings.

**Defendants' Violations of the Wage Theft Protection Act**

42. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

43. Throughout the relevant time period, Defendants paid Plaintiff without the proper accompanying statement listing the overtime rate or rates of pay, the number of regular

hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

44. Plaintiff was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer and required by NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

### FIRST CAUSE OF ACTION
**Failure to pay Overtime Compensation in Violation of the Fair Labor Standards Act**
**(On Behalf of Plaintiff and the FLSA Collective)**

45. Plaintiff, on behalf of himself and the FLSA Collective, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

46. Throughout the relevant time period, Plaintiff and the FLSA Collective regularly worked in excess of forty (40) hours per work week.

47. At all relevant times throughout Plaintiff and the FLSA Collective's employment, Defendants operated under a policy of willfully failing and refusing to pay Plaintiff and the FLSA Collective one and one-half times the regular hourly rate of pay for all work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff and the FLSA Collective were entitled to receive overtime payments.

48. At all relevant times throughout Plaintiff and the FLSA Collective's employment, Defendants willfully, regularly and repeatedly failed to pay the required overtime rate of

one and one-half times their regular hourly rate for all hours worked in excess of forty (40) hours per work week.

49. Defendants' decision not to pay overtime was willful.

50. Plaintiff and the FLSA Collective seek damages in the amount of their unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CAUSE OF ACTION**
**Failure to Pay Overtime Compensation Under New York Labor Law**
**(On Behalf of Plaintiff)**

51. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

52. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NY Labor Law §652 and 12 NYCRR §142-2.2.

53. Defendants failed to pay Plaintiff the overtime premium of one and a half times the regular hourly rate of pay for all of his overtime hours worked, in violation of the NYLL.

54. Defendants' failure to pay required overtime was willful.

55. As a result of Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants unpaid overtime wages and liquidated damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NY Labor Law.

## THIRD CAUSE OF ACTION
### Failure to Pay Minimum Wages in Violation of New York Labor Law
### (On Behalf of Plaintiff)

56. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

57. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

58. At all times relevant, Plaintiff was an employee of Defendants.

59. Defendants were employers of Plaintiff within the meaning of the NYLL 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

60. At all times relevant, Plaintiff was covered by the NYLL.

61. The wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

62. Defendants failed to pay Plaintiff the minimum hourly wages to which he was entitled under the NYLL and the supporting New York State Department of Labor Regulations.

63. Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff, Defendants have willfully violated the NYLL, Article 19, §650 *et seq.*, and the supporting New York State Department of Labor Regulations.

64. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages as provided by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
**Failure to Provide Annual Wage Notices in Violation of New York Labor Law**
**(On Behalf of Plaintiff)**

65. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

66. Defendants willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, §195(1), in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate, including but not limited to overtime rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL, Article 6, §191.

67. Through their knowing or intentional failure to provide Plaintiff the wage notices required by the NYLL, Defendants willfully violated NYLL, Article 6, §§190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

68. Due to Defendants' willful violations of NYLL, Article 6, §195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

## FIFTH CAUSE OF ACTION
**Failure to Provide Wage Statements in Violation of New York Labor Law**
**(On Behalf of Plaintiff)**

69. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

70. Defendants willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, §195(3), containing the dates of work covered by that

payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

71. Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants willfully violated NYLL, Article 6, §§190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

72. Due to Defendants' willful violations of NYLL, Article 6, §195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty dollars for each workweek that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against Defendants Doe Defendant Corp. d/b/a Tavola and Nick Accardi, jointly and severally, as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Damages for the unpaid overtime pay due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the FLSA;

(c) Damages for the overtime pay due to Plaintiff, along with liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

(d) Damages for the unpaid minimum wages due to Plaintiff, along with liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations.

(e) Statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

(f) Statutory penalties of two hundred and fifty dollars for each workweek that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars as provided for by NYLL, Article 6, § 198;

(g) For pre-judgment and post-judgment interest on the foregoing amounts;

(h) For his costs and disbursements of this action, including attorneys' fees and expenses; and

(i) For such other further and different relief as this Court deems just and proper.

Dated: March 25, 2021
      New York, New York

                             **THE LAW OFFICES OF JACOB ARONAUER**

                             By:    */s/ Jacob Aronauer*
                                       Jacob Aronauer, Esq.
                                       225 Broadway, 3rd Floor
                                       New York, NY 10007
                                       (212) 323-6980
                                       jaronauer@aronauerlaw.com

                                       *Attorney for Plaintiff*