The Law Offices of Jacob Aronauer
225 Broadway, 3rd Floor
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

July 4, 2021

**Via ECF**
Hon. Stewart D. Aaron
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

> Re: *Hidalgo v. Doe Defendant Corp. et al.*
> 21-cv-02560 (SDA)

Dear Judge Aaron:

This office represents Plaintiff Manuel Hidalgo ("Plaintiff") in the above captioned matter. Plaintiff, together with Zoccola LLC d/b/a Tavola ("Tavola") and Nick Accardi ("Accardi"), individually (collectively "Defendants"), requests that the Court approve the signed settlement reached in this matter. A copy of the settlement agreement is annexed hereto as Exhibit A.

**Overview**

Tavola is an Italian pizzeria located in the Hell's Kitchen neighborhood of Manhattan. Tavola is owned and operated by Defendant Accardi. From July 2018 through March 2021 Plaintiff worked at Tavola primarily as a dishwasher from July 2018 through March 2021.

The parties dispute whether Plaintiff was compensated in compliance with the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Plaintiff alleges that he was not always paid the applicable minimum wage and, in addition, that he was not compensated at one and one-half times the regular hourly rate of pay for his overtime hours worked as required by the FLSA and NYLL.

In contrast, Defendants contest the hours worked by Plaintiff and argued that he was always paid at least the applicable minimum wage. Defendants further argue that to the extent that Plaintiff worked any overtime, he was always paid time and one-half. Defendants provided documentary evidence in support of their position. Defendants further argued that they were entitled to apply the tip credit to Plaintiff's wages because he also made deliveries.

Plaintiff believes that he could recover approximately $33,866.75 in unpaid minimum wages and overtime wages. This number does not take into consideration

liquidated damages, notice damages or attorney's fees and expenses.

## Summary of Plaintiff's Damages

The following is written through the eyes of Plaintiff and does not reflect Defendants' position.

A spreadsheet calculating Plaintiff's damages is annexed hereto as Exhibit B.

Plaintiff is owed $12,325.00 in unpaid minimum wages and $21,541.75 in unpaid overtime wages. Plaintiff could also potentially recover an additional $33,866.75 in liquidated damages.

In addition, Plaintiff was not provided correct wage statements in accordance with NYLL, Article 6 § 195(3). Thus, Plaintiff is entitled to notice damages of $5,000.00 under NYLL, Article 6, § 198.

Plaintiff is also entitled to recover attorney's fees and expenses in accordance with the FLSA and NYLL.

As previously stated, Defendants claim that Plaintiff was always paid in compliance with the FLSA and NYLL.

## History of Lawsuit

On March 25, 2021, Plaintiff commenced this action against Defendants (Dkt. 1). Plaintiff sued on behalf of himself and others similarly situated for unpaid overtime compensation and unpaid minimum wages under the FLSA and NYLL, and for failure to provide annual wage notices or wage statements under NYLL.

On April 26, 2021, Defendants answered Plaintiff's Complaint (Dkt. 9) and shortly thereafter, on April 27, 2021, made an Offer of Judgment for $7,500 under Rule 68 of the Federal Rules of Civil Procedure (Dkt. 10). On May 13, 2021 Defendants filed an Amended Offer of Judgment for $25,000.00 (Dkt. 13).

Defendants' counsel deserves a great deal of credit for resolving this matter. Defendants' counsel provided this office all relevant documents pertaining to Plaintiff's potential claims. Defendants' counsel also provided Plaintiff's counsel with documents pertaining to the financial solvency of Defendants. In addition, Defendants' counsel frequently contacted Plaintiff's counsel with settlement proposals. This included "breaking bread" at the restaurant in question. In short, Defendants' counsel was not looking to unnecessarily litigate this matter but instead to quickly resolve it. On June 25, 2021, the parties informed the Court that they had reached a settlement in principle on June 25, 2021 (Dkt. 17).

## Fairness and Reasonableness of the Settlement

The settlement sum is $36,000.00, paid in 18 equal $2,000 monthly installments. The payments will begin on the first of each month after Court approval of the settlement. The settlement agreement provides that the total settlement amount will be allocated as follows: Plaintiff will receive $24,000.00 and counsel will receive $12,000.00, inclusive of attorney's fees and expenses. Plaintiff incurred the following expenses in this matter: a $400 filing fee and $45 in service costs. As a result of the swift settlement of this case, Plaintiff's counsel is not seeking to be reimbursed for fees and expenses. This will enable Plaintiff to receive an additional $296.67. With Plaintiff's total unpaid overtime and minimum wages being estimated at $33,866.75 and the total settlement amounting to $36,000.00, Plaintiff is being made whole by this settlement.

While a payout of 18 months is not short, the payout is reasonable to both parties when considering the potentially prolonged nature and uncertainty of an FLSA lawsuit. The case settled before the commencement of discovery. As the initial case conference was not scheduled until October 2021, it easily could have taken 18 months before the parties went to trial. And, as this lawyer unfortunately knows, a victory at trial is no guarantee of a monetary recovery.

Defendants also provided financial records attesting to the fact that they, like many restaurants, have taken a huge financial hit due to COVID-19. Considering restaurants' already thin profit margins, Defendants' payment of $2,000.00 each month is not insignificant. The gradual payout provided by this settlement agreement will ease the burden of further financial strain on Defendants and is therefore a reasonable compromise. The fact that the settlement agreement contains an attorney's fees provision in the event of non-payment helps ensure that Defendants will make timely payments.

In addition, a bona fide dispute exists with respect to wages owed. Counsel for the parties herein discussed these issues at length in a series of telephone calls and email exchanges and all agreed that in light of this bona fide dispute about the extent of damages, settlement would bring certainty and a quick resolution to both sides.

Under *Cheeks* and its progeny, a court should consider the totality of the circumstances, including but not limited to the below factors, in determining whether a proposed settlement is fair and reasonable:

> (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion. *Beckert v. Ronirubinov*, No. 15 CIV. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015) (*citing Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

3

In this case, as a preliminary matter, the "agreement is the product of arm's length bargaining between experienced counsel" and involves no "possibility of fraud or collusion." Id. As previously mentioned, for the range of recovery, Plaintiff will receive approximately the total sum of his unpaid overtime and minimum wages. While Plaintiff's potential calculated damages (including liquidated damages) were higher, Plaintiff risked going to trial and obtaining nothing if a trier of fact found that Plaintiff was paid for all hours worked. Thus, this settlement is a reasonable compromise.

This settlement enables the parties to "avoid both the anticipated burdens and expenses in establishing their respective claims and defenses." Id. This settlement will spare Defendants additional legal fees and expenses, prevent the further accrual of Plaintiff's attorney's fees, and relieve Defendants of the burden of further defending a federal court action.

The parties jointly represent to the Court that the settlement agreement is fair to Plaintiff, reasonably resolves bona fide disagreements between the parties about the merits of Plaintiff's claims, and demonstrates a good faith intention by Plaintiff and Defendants that their claims for liability and damages be fully and finally resolved and not re-litigated in the future.

I ask the Court not punish me for having relatively low attorney's fees expended in relation to the attorney's fees my office is receiving under the settlement agreement. I have many cases where I have to intensely litigate, and thereby end up with a low hourly rate. I quickly obtained a relatively strong settlement for my client. I did not look to unnecessarily run up fees to justify the settlement, but rather I acted in my client's best interest.

## Work Performed by Plaintiff's Counsel

Plaintiff's counsel will receive one-third of the settlement amount and, additionally, is not seeking to be reimbursed for fees and expenses. The expenses in this matter included the filing fee ($400) and service on Defendants ($45). We respectfully submit the allocation of 33.33% for Plaintiff's counsel should be approved. See Rangel v. 639 Grant St. Meat & Produce Corp., 2013 U.S. Dist. LEXIS 134207, at *4 (E.D.N.Y. Sept. 19, 2013) (Judge Bloom awarding plaintiff's counsel one-third of the settlement amount, plus costs); see also, Vidal v. Eager Corp., 2018 U.S. Dist. LEXIS 42113, at *4-5 (E.D.N.Y. March 13, 2018); see also, Central States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, LLC, 50 F.3d 229, 239 (2d Cir. 2007); Chavarria v. N.Y. Airport Serv., LLC, 875 F. Supp.2d 164, 178 (E.D.N.Y. June 25, 2012) (awarding fees in the amount of one-third of the total settlement); Reyes v. Buddha-Bar NYC, 2009 U.S. Dist. LEXIS 45277, at *14 (S.D.N.Y. May 29, 2009) (awarding fees in the amount of 33% of the total settlement).

The Law Offices of Jacob Aronauer spent a total of 20.57 hours litigating this case. Mr. Aronauer spent 6.9 hours and Mr. Aronauer's paralegals spent a total of 13.67 hours. Plaintiff's contemporaneous time records amount to $4,468.75 (not inclusive of fees and expenses). Plaintiff's counsel seeks attorney's fees in the amount of $12,000. This amount constitutes a lodestar multiplier of 2.69. While this is a slightly higher multiplier than would be expected, it is still reasonable. See Fujiwara v. Sushi Yasuda Ltd., 58 F. Supp.3d

424, 439 (S.D.N.Y. 2014) (Honorable William H. Pauley III concluded that a "multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases."). In light of this risk, Plaintiff's counsel was able to reach a highly favorable outcome due in part to Defendants' making multiple Offers of Judgment and thus accelerating settlement negotiations. It would not have been in Plaintiff's or Defendants' best interest to over-litigate, especially when considering Defendant's post-pandemic financial situation and the fact that Plaintiff is receiving the majority of his unpaid wages.

Plaintiff's counsel performed critical work. Plaintiff's counsel met with Plaintiff on multiple occasions and diligently researched the corporate Defendant's business, as well as the overall strength of Plaintiff's claims. In addition to drafting the initial complaint and damages spreadsheets, Plaintiff's counsel reviewed hundreds of pages of payroll documents provided by Defendants in order to perform new damages calculations based on these records.

## Attorney's Fees and Counsel's Qualifications

Jacob Aronauer is the managing partner of The Law Offices of Jacob Aronauer. Mr. Aronauer has been practicing law since 2005 and started his own firm in 2013. Since he started his own law firm, Mr. Aronauer's practice has primarily focused on wage and hour law. From 2018-2020, Mr. Aronauer was voted a "Rising Star" in the New York area by Super Lawyers. Paralegals in this case employed by Mr. Aronauer's firm charged $150 per hour. Jacob Aronauer has litigated over 100 wage and hour cases over the past eight years.

Mr. Aronauer's requested hourly rate is $400 an hour. This is a competitive rate in relation to what similarly situated attorneys charge. Paralegals in this case charged $125 per hour. This paralegal rate was recently approved by Judge Cave in *Perez v. Rossy's Bakery & Coffee Shop, Inc.*, 2021 U.S. Dist. LEXIS 61289, at * 29-30 (S.D.N.Y. Mar. 30, 2021).

## Conclusion

Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." *Johnson v. Brennan*, No. 10-cv-471, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing *Lynn's Food Stores, Inc. v. United States*, 679, F.2d 1350, 1353 n. 8 (11th Cir. 1982)).

Given the disputation of facts regarding Plaintiff's hours worked and rates of pay and the desire of all parties involved to avoid the burden of additional costs and expenses, the settlement represents a reasonable compromise with respect to contested issues. We jointly request the settlement agreement's approval. *See Reyes v. Altamarea Group, LLC*, 10-cv-6451 (RLE), 2011 WL 4599822 at *6 (S.D.N.Y. Aug. 16, 2011) (Ellis, M.J.).

Respectfully submitted,

*/s Jacob Aronauer*
Jacob Aronauer
*Attorney for Plaintiff*

cc: **Via ECF**
*All attorneys on record*

# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into as of June ____, 2021 by and between Manuel Hidalgo ("Hidalgo"), on the one hand, and Zoccola LLC d/b/a Tavola and Nick Accardi, individually (collectively "Tavola"), on the other hand.

WHEREAS, Hidalgo alleges that he was employed by Tavola from in or around July 2018 through March 2021, and,

WHEREAS, on March 25, 2021, Hidalgo filed a Complaint against Tavola in the Southern District Court of New York, alleging violations of the FLSA and the NYLL, which Complaint was assigned Index No. 21-cv-02560 (GHW) (the "Complaint"); and

WHEREAS, Tavola deny the factual allegations set forth in the Complaint and deny that those allegations, if true, would constitute any violation of the FLSA and the NYLL; and

WHEREAS, Hidalgo and Tavola wish to compromise and fully settle the issues between them and thereby obviate the need for any party to incur the burden and expense of further proceedings, and the rights and obligations of the parties hereunder shall be satisfied upon full compliance with this Agreement;

NOW, THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and other good and valuable consideration set forth below, do hereby agree as follows:

1.     **Consideration.** In consideration for Hidalgo signing this Agreement and the releases of all claims herein, (a) Tavola agrees to pay to Hidalgo the total sum of $36,000.00 ("Settlement Payment"), in the following manner: $2,000 a month beginning on the first of each month after Court approval of the settlement agreement. By way of example, if the Court were to approve the settlement on July 15, 2021, the first payment would be due on August 1, 2021. Payment will be distributed as follows: $1,333.33 for Hidalgo and $666.67 for The Law Offices of Jacob Aronauer. The remaining payments will be due on the first of the month. Overall, there are a total of 18 monthly payment due. The settlement monies will be issued through a check as follows "The Law Offices of Jacob Aronauer, as counsel" and The Law Offices of Jacob Aronauer will be responsible for distributing the monies to Hidalgo.

The total sum of the Settlement Payment represents liquidated damages and wage notice penalties. Hidalgo acknowledges that Hidalgo is not owed any additional amounts from Tavola and Tavola Releasees (as defined in Section 3 of this Agreement) for any potential damages under the FLSA and NYLL from the beginning of time through the date of his execution of this Agreement. Hidalgo further warrants and agrees that he alone is responsible for payment of any and all taxes owed as a result of this Settlement Payment.

Defendants acknowledge that they will not be seeking any further tax information from Hidalgo to make the payment dues under the settlement agreement.

1

Each payment hereunder shall be sent to the office of Hidalgo's counsel, The Law Offices of Jacob Aronauer, Attn: Jacob Aronauer, Esq., located at 225 Broadway, Third Floor, New York, New York 10007.

Hidalgo acknowledges and understands that the Settlement Payment is subject to applicable federal, state and local income taxes to the extent required by law. Hidalgo acknowledges Hidalgo's responsibility to timely pay, and represents that Hidalgo will timely pay, any applicable federal, state and local taxes on all monies paid to Hidalgo pursuant to this Agreement. Although the Parties believe, in good faith, that the tax treatment of the Settlement Payment described above are proper and comply with IRS regulations, if, notwithstanding such belief, the IRS or any governmental agency or court determines that Hidalgo or Tavola is liable for any failure by Hidalgo or Hidalgo's counsel to pay federal, state, or local income or employment taxes with respect to the aforementioned payments, or are liable for interest or penalties related thereto, Hidalgo represents and agrees that Hidalgo is liable for and will pay and otherwise indemnify Tavola for any local, state or federal income or employment taxes, except Tavola's share of any employment taxes (including FICA, SFI, SSD, and unemployment taxes), due by Hidalgo with respect to payments made by Tavola on Hidalgo's behalf pursuant to this Agreement.

       2.    **No Consideration Absent Execution of This Agreement.** Hidalgo understands and agrees he would not receive the monies and/or benefits specified in Section 1 above, except for his execution of this Agreement.

       3.    **Release of Claims by Hidalgo.** In consideration of the good and valuable consideration provided to Hidalgo under this Agreement, Hidalgo knowingly and voluntarily releases and forever discharges Tavola, their affiliates, and each of their family members, partners, employees, members, officers, directors, vendors, shareholders, service providers, consultants, agents, attorneys, representatives, in each case whether past, present, or future, as well as any of the assigns and successors of any of the foregoing whether past, present and future (collectively, "Tavola Releasees"), from any and all claims arising out of nonpayment or underpayment of wages or overtime, and from any and all claims asserting violations of the wage notice or wage statement provisions of the New York Wage Theft Prevention Act, in law or in equity, which Hidalgo ever had, now has, or which may arise in the future, whether known or unknown, suspected or unsuspected, and whether or not concealed or hidden, from the beginning of the world to the date on which Hidalgo executes this Agreement. By virtue of the foregoing release, Hidalgo agrees that Hidalgo has waived any damages and other relief available to Hidalgo (including, without limitation, money damages and equitable relief and reinstatement), and will not accept any award or settlement from any source or proceeding (including, but not limited to, any proceeding brought by any other person or by any government agency), with respect to any Claim. Nothing herein shall constitute a waiver of claims to enforce this Agreement or to pursue any claim asserting a violation of the wage and hour laws that is based solely on events occurring after the date on which Hidalgo executes this Agreement.

       4.    **Covenant Not to Sue, etc.** Hidalgo agrees that, except for a proceeding brought to enforce this Agreement or as permitted in Section 13 of this Agreement, Hidalgo will not at any time commence, maintain, prosecute, participate in as a party, or permit to be filed by any other person on Hidalgo's behalf any Claim against any Releasee, and to the maximum extent

2

permitted by applicable law, Hidalgo agrees that no Claim released herein against the Tavola Releasees may be initiated, maintained, heard or determined on a class action, collective action, or representative action basis either in court or in arbitration. Further, if a court of competent jurisdiction determines that Hidalgo may not waive Hidalgo's right to file a Claim relating to the Tavola Releasees, Hidalgo agrees that Hidalgo will not accept any monetary or other relief or compensation resulting from same. Nothing in this Section 4 or elsewhere in this Agreement is intended to restrict Hidalgo from testifying truthfully and fully in any action or proceeding in which Hidalgo has been duly subpoenaed or ordered to appear or provide information, or from cooperating with any administrative agency duly authorized to order such participation, provided that, to the extent permitted by law, Hidalgo immediately provide to Tavola written notice of such subpoena or order, so that Tavola may assert any rights they have to seek to quash or limit such subpoena, order, or participation, if desired. Hidalgo further agrees that any such testimony and cooperation will be solely related to the matters requiring such testimony or cooperation. Hidalgo agrees that if Hidalgo commences, joins in or in any other manner attempts to assert any Claim against Tavola or any Tavola Releasees, except as otherwise specifically permitted hereunder, in breach of this covenant not to sue, this covenant shall constitute a complete defense to any such suit.

        5.    **No Other Proceeding Commenced.** The Parties represent and warrant that they have filed no other claims, and know of no other claims filed in court, arbitration, or any other forum involving the subject matter of this Agreement and that, in the event that any such claims do exist, said actions or proceedings shall be immediately withdrawn and dismissed with prejudice, each Party to bear its own costs.

        6.    **Acknowledgments and Affirmations.** Hidalgo affirms that in his demand letter and Complaint, he has claimed unpaid wages or overtime pay under the FLSA and NYLL, and/or any other law, regulation or ordinance, and that there is a bona fide dispute as to all such claims which are being settled and released by this Agreement. Hidalgo believes that this settlement is fair and reasonable.

        7.    **Savings Clause.** In the event that any one or more of the provisions of this Agreement are held to be invalid, illegal, or unenforceable, the validity, legality and enforceability of the remaining provisions shall not, in any way, be affected or impaired thereby. If any one or more of the provisions contained in this Agreement is held to be excessively broad as to duration, activity or subject, if permitted by applicable law, such provisions shall be construed by limiting and reducing them so as to be enforceable to the maximum extent allowed by applicable law. Furthermore, a determination in any jurisdiction that this Agreement, in whole or in part, is invalid, illegal, or unenforceable shall not in any way affect or impair the validity, legality, or enforceability of this Agreement in any other jurisdiction.

        8.    **Governing Law; Attorney's Fees; Enforcement.**

        (a)    This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict or choice of law provisions.

        (b)    In the event Tavola breaches any provision of this Agreement, Hidalgo shall provide notice to Tavola by sending written notice by certified mail or trackable

3

overnight delivery via common carrier to Tavola's counsel, Christopher Lynn by e-mail at chrisrlyn@aol.com. Tavola shall cure any breach of its obligations within 10 business days of receipt of notice. Should Tavola timely cure any breach of this Agreement and Hidalgo institutes a lawsuit in federal court to specifically enforce any term or terms of this Agreement, Hidalgo will be entitled to the litigation fees and costs.

9. **Amendment**. This Agreement may not be modified, altered or changed without the express written consent of both parties wherein specific reference is made to this Agreement.

10. **No Admission of Wrongdoing**. The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either party of any liability or unlawful conduct of any kind. This Agreement shall not be admissible in any proceeding, except in connection with an action for breach of this Agreement.

11. **Entire Agreement**. This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the parties. Hidalgo acknowledges he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement, and Hidalgo's consent to this Agreement is given freely, voluntarily, and with full knowledge and understanding of this Agreement's contents.

12. **Severability**. The provisions of this Agreement are severable and, in the event that any section or provision of this Agreement is found by a court of competent jurisdiction to be unenforceable or overly broad, the Parties agree that the remaining provisions shall remain fully valid and enforceable.

13. **Legal Fees**. Except as provided for in this Agreement, each Party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement and delivery of this Agreement.

14. **Joint Participation in Preparation of Agreement.** The Parties participated jointly in the negotiation and preparation of this Agreement, and each Party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, the Parties agree that no rule of construction shall apply against any Party or in favor of any Party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one Party and in favor of the other.

15. **Voluntary Agreement**. Without detracting in any respect from any other provision of this Agreement:

(a) Hidalgo, for good and valuable consideration, acknowledges and agrees that the release in Section 3 constitutes a knowing and voluntary waiver of all rights or claims Hidalgo has or may have against the Releasees as set forth

4

therein, and Hidalgo has no physical or mental impairment of any kind that has interfered with his ability to read and understand the meaning of this Agreement and its terms, including the release, and that Hidalgo is not acting under the influence of any medication or mind-altering chemical of any type in entering into this Agreement. Hidalgo is signing this Agreement voluntarily and of his own free will and agrees to abide by all the terms and conditions contained herein.

(b)  Hidalgo understands that, by entering into this Agreement, Hidalgo does not waive rights or claims that may arise after the date of his execution of this Agreement based on any matter arising after Hidalgo signs this Agreement, including, without limitation, any rights or claims that Hidalgo may have to secure enforcement of the terms and conditions of this Agreement.

(c)  Hidalgo acknowledges and agrees that the consideration provided to her under this Agreement is in addition to anything of value to which Hidalgo is already entitled.

(d)  Hidalgo acknowledges and agrees that he fully understands the significance of all of the terms and conditions of this Agreement and has discussed them with his independent legal counsel, or has had a reasonable opportunity to do so.

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Agreement and Release as of the date set forth below:

**MANUEL HIDALGO**

Date: ___6/25/2021___

**NICK ACCARDI**
*(on behalf of Zoccola LLC and himself)*

Date: ___6/23/21___

5

# EXHIBIT B

Damages Summary According to Defendants' Records
Hidalgo v. Tavola Restaurant

| | |
|---|---|
| Unpaid Minimum Wages | $ 12,325.00 |
| Unpaid Overtime Wages | $ 21,541.75 |
| Liquidated Damages | $ 33,866.75 |
| Notice Damages | $  5,000.00 |
| **Total Damages** | **$ 72,733.50** |

Damages Calculations According to Defendants' Records

Hidalgo v. Tavola Restaurant

| Week Ending | Hours Worked | Hourly Rate | Total Pay | Minimum Wage | Appropriate OT Wage | Minimum Wages Owed | OT Wages Owed |
|---|---|---|---|---|---|---|---|
| 7/22/18 | 51 | $ 11.00 | $ 561.00 | $ 13.00 | $ 19.50 | $ 80.00 | $ 93.50 |
| 7/29/18 | 62.5 | $ 11.00 | $ 688.00 | $ 13.00 | $ 19.50 | $ 80.00 | $ 191.25 |
| 8/5/18 | 62 | $ 11.00 | $ 682.00 | $ 13.00 | $ 19.50 | $ 80.00 | $ 187.00 |
| 8/12/18 | 62 | $ 11.00 | $ 682.00 | $ 13.00 | $ 19.50 | $ 80.00 | $ 187.00 |
| 8/19/18 | 62 | $ 11.00 | $ 682.00 | $ 13.00 | $ 19.50 | $ 80.00 | $ 187.00 |
| 8/26/18 | 62 | $ 11.00 | $ 682.00 | $ 13.00 | $ 19.50 | $ 80.00 | $ 187.00 |
| 9/2/18 | 62 | $ 11.00 | $ 682.00 | $ 13.00 | $ 19.50 | $ 80.00 | $ 187.00 |
| 9/9/18 | 62 | $ 11.00 | $ 682.00 | $ 13.00 | $ 19.50 | $ 80.00 | $ 187.00 |
| 9/16/18 | 63 | $ 11.00 | $ 693.00 | $ 13.00 | $ 19.50 | $ 80.00 | $ 195.50 |
| 9/23/18 | 62.5 | $ 11.00 | $ 688.00 | $ 13.00 | $ 19.50 | $ 80.00 | $ 191.25 |
| 9/30/18 | 62 | $ 11.00 | $ 682.00 | $ 13.00 | $ 19.50 | $ 80.00 | $ 187.00 |
| 10/7/18 | 62 | $ 11.00 | $ 682.00 | $ 13.00 | $ 19.50 | $ 80.00 | $ 187.00 |
| 10/14/18 | 68 | $ 11.00 | $ 748.00 | $ 13.00 | $ 19.50 | $ 80.00 | $ 238.00 |
| 10/21/18 | 63 | $ 11.00 | $ 693.00 | $ 13.00 | $ 19.50 | $ 80.00 | $ 195.50 |
| 10/28/18 | 64 | $ 11.00 | $ 704.00 | $ 13.00 | $ 19.50 | $ 80.00 | $ 204.00 |
| 11/4/18 | 64 | $ 11.00 | $ 704.00 | $ 13.00 | $ 19.50 | $ 80.00 | $ 204.00 |
| 11/11/18 | 64 | $ 11.00 | $ 704.00 | $ 13.00 | $ 19.50 | $ 80.00 | $ 204.00 |
| 11/18/18 | 64 | $ 11.00 | $ 704.00 | $ 13.00 | $ 19.50 | $ 80.00 | $ 204.00 |
| 11/25/18 | 53 | $ 11.00 | $ 583.00 | $ 13.00 | $ 19.50 | $ 80.00 | $ 110.50 |
| 12/2/18 | 64 | $ 11.00 | $ 704.00 | $ 13.00 | $ 19.50 | $ 80.00 | $ 204.00 |
| 12/9/18 | 64 | $ 11.00 | $ 704.00 | $ 13.00 | $ 19.50 | $ 80.00 | $ 204.00 |
| 12/16/18 | 64 | $ 11.00 | $ 704.00 | $ 13.00 | $ 19.50 | $ 80.00 | $ 204.00 |
| 12/23/18 | 64 | $ 11.00 | $ 704.00 | $ 13.00 | $ 19.50 | $ 80.00 | $ 204.00 |
| 12/30/18 | 54 | $ 11.00 | $ 594.00 | $ 13.00 | $ 19.50 | $ 80.00 | $ 119.00 |
| 1/6/19 | 60 | $ 12.00 | $ 720.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 210.00 |
| 1/13/19 | 64 | $ 12.00 | $ 768.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 252.00 |
| 1/20/19 | 64 | $ 12.00 | $ 768.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 252.00 |
| 1/27/19 | 53 | $ 12.00 | $ 636.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 136.50 |
| 2/3/19 | 64 | $ 12.00 | $ 768.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 252.00 |
| 2/10/19 | 64 | $ 12.00 | $ 768.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 252.00 |
| 2/17/19 | 62 | $ 12.00 | $ 744.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 231.00 |
| 2/24/19 | 62 | $ 12.00 | $ 744.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 231.00 |
| 3/3/19 | 63 | $ 12.00 | $ 756.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 241.50 |
| 3/10/19 | 62 | $ 12.00 | $ 744.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 231.00 |
| 3/17/19 | 62 | $ 12.00 | $ 744.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 231.00 |
| 3/24/19 | 70 | $ 12.00 | $ 840.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 315.00 |
| 3/31/19 | 65 | $ 12.00 | $ 780.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 262.50 |
| 4/7/19 | 62 | $ 12.00 | $ 744.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 231.00 |
| 4/14/19 | 62 | $ 12.00 | $ 744.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 231.00 |
| 4/21/19 | 62 | $ 12.00 | $ 744.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 231.00 |
| 4/28/19 | 62 | $ 12.00 | $ 744.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 231.00 |
| 5/5/19 | 62 | $ 12.00 | $ 744.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 231.00 |
| 5/12/19 | 57 | $ 12.00 | $ 684.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 178.50 |
| 5/19/19 | 62 | $ 12.00 | $ 744.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 231.00 |
| 5/26/19 | 62 | $ 12.00 | $ 744.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 231.00 |

| Date | Hrs | Rate | Amount | Rate | Amount | Rate | Amount | Rate | Amount |
|---|---|---|---|---|---|---|---|---|---|
| 6/2/19 | 62 | $ 12.00 | $ 744.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 231.00 |
| 6/9/19 | 62 | $ 12.00 | $ 744.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 231.00 |
| 6/16/19 | 62 | $ 12.00 | $ 744.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 231.00 |
| 6/23/19 | 62 | $ 12.00 | $ 744.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 231.00 |
| 6/30/19 | 62 | $ 12.00 | $ 744.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 231.00 |
| 7/7/19 | 60 | $ 12.00 | $ 720.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 210.00 |
| 7/14/19 | 62 | $ 12.00 | $ 744.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 231.00 |
| 7/21/19 | 62 | $ 12.00 | $ 744.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 231.00 |
| 7/28/19 | 62 | $ 12.00 | $ 744.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 231.00 |
| 8/4/19 | 62 | $ 12.00 | $ 744.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 231.00 |
| 8/11/19 | 66 | $ 12.00 | $ 792.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 273.00 |
| 8/18/19 | 62 | $ 12.00 | $ 744.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 231.00 |
| 8/25/19 | 62 | $ 12.00 | $ 744.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 231.00 |
| 9/1/19 | 62 | $ 12.00 | $ 744.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 231.00 |
| 9/8/19 | 62 | $ 12.00 | $ 744.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 231.00 |
| 9/15/19 | 62 | $ 12.00 | $ 744.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 231.00 |
| 9/22/19 | 62 | $ 12.00 | $ 744.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 231.00 |
| 9/29/19 | 62 | $ 12.00 | $ 744.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 231.00 |
| 10/6/19 | 62 | $ 12.00 | $ 744.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 231.00 |
| 10/13/19 | 62 | $ 12.00 | $ 744.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 231.00 |
| 10/20/20 | 62 | $ 12.00 | $ 744.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 231.00 |
| 10/27/20 | 62 | $ 12.00 | $ 744.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 231.00 |
| 11/3/19 | 62 | $ 12.00 | $ 744.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 231.00 |
| 11/10/19 | 62 | $ 12.00 | $ 744.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 231.00 |
| 11/17/19 | 62 | $ 12.00 | $ 744.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 231.00 |
| 11/24/19 | 62 | $ 12.00 | $ 744.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 231.00 |
| 12/1/19 | 52 | $ 12.00 | $ 624.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 126.00 |
| 12/8/19 | 62 | $ 12.00 | $ 744.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 231.00 |
| 12/15/19 | 62 | $ 12.00 | $ 744.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 231.00 |
| 12/22/19 | 62 | $ 12.00 | $ 744.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 231.00 |
| 12/29/19 | 62 | $ 12.00 | $ 744.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 231.00 |
| 1/5/20 | 62 | $ 12.00 | $ 744.00 | $ 15.00 | $ 22.50 | $ 120.00 | $ 231.00 |
| 1/12/20 | 62 | $ 13.00 | $ 806.00 | $ 15.00 | $ 22.50 | $ 80.00 | $ 209.00 |
| 1/19/20 | 62 | $ 13.00 | $ 806.00 | $ 15.00 | $ 22.50 | $ 80.00 | $ 209.00 |
| 1/26/20 | 62 | $ 13.00 | $ 806.00 | $ 15.00 | $ 22.50 | $ 80.00 | $ 209.00 |
| 2/2/20 | 62 | $ 13.00 | $ 806.00 | $ 15.00 | $ 22.50 | $ 80.00 | $ 209.00 |
| 2/9/20 | 62 | $ 13.00 | $ 806.00 | $ 15.00 | $ 22.50 | $ 80.00 | $ 209.00 |
| 2/16/20 | 62 | $ 13.00 | $ 806.00 | $ 15.00 | $ 22.50 | $ 80.00 | $ 209.00 |
| 2/23/20 | 62 | $ 13.00 | $ 806.00 | $ 15.00 | $ 22.50 | $ 80.00 | $ 209.00 |
| 3/1/20 | 62 | $ 13.00 | $ 806.00 | $ 15.00 | $ 22.50 | $ 80.00 | $ 209.00 |
| 3/8/20 | 62 | $ 13.00 | $ 806.00 | $ 15.00 | $ 22.50 | $ 80.00 | $ 209.00 |
| 3/15/20 | 62 | $ 13.00 | $ 806.00 | $ 15.00 | $ 22.50 | $ 80.00 | $ 209.00 |
| 5/24/20 | 33.5 | $ 13.00 | $ 436.00 | $ 15.00 | $ 22.50 | $ 67.00 | $ - |
| 5/31/20 | 30 | $ 13.00 | $ 390.00 | $ 15.00 | $ 22.50 | $ 60.00 | $ - |
| 6/7/20 | 24 | $ 13.00 | $ 312.00 | $ 15.00 | $ 22.50 | $ 48.00 | $ - |
| 6/14/20 | 18 | $ 13.00 | $ 234.00 | $ 15.00 | $ 22.50 | $ 36.00 | $ - |
| 6/21/20 | 38 | $ 13.00 | $ 494.00 | $ 15.00 | $ 22.50 | $ 76.00 | $ - |
| 6/28/20 | 42 | $ 13.00 | $ 546.00 | $ 15.00 | $ 22.50 | $ 80.00 | $ 19.00 |
| 7/5/20 | 35 | $ 13.00 | $ 455.00 | $ 15.00 | $ 22.50 | $ 70.00 | $ - |
| 7/12/20 | 42 | $ 13.00 | $ 546.00 | $ 15.00 | $ 22.50 | $ 80.00 | $ 19.00 |
| 7/19/20 | 42 | $ 13.00 | $ 546.00 | $ 15.00 | $ 22.50 | $ 80.00 | $ 19.00 |

| Date | Hours | Rate | Amount | | Rate | | Amount | | Amount | | Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 7/26/20 | 42 | $ 13.00 | $ | 546.00 | $ 15.00 | $ | 22.50 | $ | 80.00 | $ | 19.00 |
| 8/2/20 | 42.5 | $ 13.00 | $ | 553.00 | $ 15.00 | $ | 22.50 | $ | 80.00 | $ | 23.75 |
| 8/9/20 | 42.5 | $ 13.00 | $ | 553.00 | $ 15.00 | $ | 22.50 | $ | 80.00 | $ | 23.75 |
| 8/16/19 | 54 | $ 13.00 | $ | 702.00 | $ 15.00 | $ | 22.50 | $ | 80.00 | $ | 133.00 |
| 8/23/19 | 54 | $ 13.00 | $ | 702.00 | $ 15.00 | $ | 22.50 | $ | 80.00 | $ | 133.00 |
| 8/30/20 | 54 | $ 13.00 | $ | 702.00 | $ 15.00 | $ | 22.50 | $ | 80.00 | $ | 133.00 |
| 9/6/20 | 54 | $ 13.00 | $ | 702.00 | $ 15.00 | $ | 22.50 | $ | 80.00 | $ | 133.00 |
| 9/13/20 | 54 | $ 13.00 | $ | 702.00 | $ 15.00 | $ | 22.50 | $ | 80.00 | $ | 133.00 |
| 9/20/20 | 54 | $ 13.00 | $ | 702.00 | $ 15.00 | $ | 22.50 | $ | 80.00 | $ | 133.00 |
| 9/27/20 | 54 | $ 13.00 | $ | 702.00 | $ 15.00 | $ | 22.50 | $ | 80.00 | $ | 133.00 |
| 10/4/20 | 54 | $ 13.00 | $ | 702.00 | $ 15.00 | $ | 22.50 | $ | 80.00 | $ | 133.00 |
| 10/11/20 | 54 | $ 13.00 | $ | 702.00 | $ 15.00 | $ | 22.50 | $ | 80.00 | $ | 133.00 |
| 10/18/20 | 54 | $ 13.00 | $ | 702.00 | $ 15.00 | $ | 22.50 | $ | 80.00 | $ | 133.00 |
| 10/25/20 | 54 | $ 13.00 | $ | 702.00 | $ 15.00 | $ | 22.50 | $ | 80.00 | $ | 133.00 |
| 11/1/20 | 54 | $ 13.00 | $ | 702.00 | $ 15.00 | $ | 22.50 | $ | 80.00 | $ | 133.00 |
| 11/8/20 | 54 | $ 13.00 | $ | 702.00 | $ 15.00 | $ | 22.50 | $ | 80.00 | $ | 133.00 |
| 11/15/20 | 54 | $ 13.00 | $ | 702.00 | $ 15.00 | $ | 22.50 | $ | 80.00 | $ | 133.00 |
| 11/22/20 | 54 | $ 13.00 | $ | 702.00 | $ 15.00 | $ | 22.50 | $ | 80.00 | $ | 133.00 |
| 11/29/20 | 45 | $ 13.00 | $ | 585.00 | $ 15.00 | $ | 22.50 | $ | 80.00 | $ | 47.50 |
| 12/6/20 | 54 | $ 13.00 | $ | 702.00 | $ 15.00 | $ | 22.50 | $ | 80.00 | $ | 133.00 |
| 12/13/20 | 64 | $ 13.00 | $ | 832.00 | $ 15.00 | $ | 22.50 | $ | 80.00 | $ | 228.00 |
| 12/20/20 | 45 | $ 13.00 | $ | 585.00 | $ 15.00 | $ | 22.50 | $ | 80.00 | $ | 47.50 |
| 12/27/20 | 32 | $ 13.00 | $ | 416.00 | $ 15.00 | $ | 22.50 | $ | 64.00 | $ | − |
| 1/3/21 | 32 | $ 13.00 | $ | 416.00 | $ 15.00 | $ | 22.50 | $ | 64.00 | $ | − |
| 1/10/21 | 30 | $ 13.00 | $ | 390.00 | $ 15.00 | $ | 22.50 | $ | 60.00 | $ | − |
| 1/17/21 | 42.5 | $ 13.00 | $ | 553.00 | $ 15.00 | $ | 22.50 | $ | 80.00 | $ | 23.75 |
| 1/24/21 | 37.5 | $ 13.00 | $ | 488.00 | $ 15.00 | $ | 22.50 | $ | 75.00 | $ | − |
| 1/31/21 | 37.5 | $ 13.00 | $ | 488.00 | $ 15.00 | $ | 22.50 | $ | 75.00 | $ | − |
| 2/7/21 | 37.5 | $ 13.00 | $ | 488.00 | $ 15.00 | $ | 22.50 | $ | 75.00 | $ | − |
| 2/14/21 | 37.5 | $ 13.00 | $ | 488.00 | $ 15.00 | $ | 22.50 | $ | 75.00 | $ | − |
| 2/21/21 | 45 | $ 13.00 | $ | 585.00 | $ 15.00 | $ | 22.50 | $ | 80.00 | $ | 47.50 |
| 2/28/21 | 45 | $ 13.00 | $ | 585.00 | $ 15.00 | $ | 22.50 | $ | 80.00 | $ | 47.50 |
| 3/7/21 | 42 | $ 13.00 | $ | 546.00 | $ 15.00 | $ | 22.50 | $ | 80.00 | $ | 19.00 |
| 3/14/21 | 48 | $ 13.00 | $ | 624.00 | $ 15.00 | $ | 22.50 | $ | 80.00 | $ | 76.00 |
| | | | | | | | | | $12,325.00 | | $21,541.75 |

| Liquidated Damages |
| --- |
| $ 173.50 |
| $ 271.25 |
| $ 267.00 |
| $ 267.00 |
| $ 267.00 |
| $ 267.00 |
| $ 267.00 |
| $ 267.00 |
| $ 275.50 |
| $ 271.25 |
| $ 267.00 |
| $ 267.00 |
| $ 318.00 |
| $ 275.50 |
| $ 284.00 |
| $ 284.00 |
| $ 284.00 |
| $ 284.00 |
| $ 190.50 |
| $ 284.00 |
| $ 284.00 |
| $ 284.00 |
| $ 284.00 |
| $ 199.00 |
| $ 330.00 |
| $ 372.00 |
| $ 372.00 |
| $ 256.50 |
| $ 372.00 |
| $ 372.00 |
| $ 351.00 |
| $ 351.00 |
| $ 361.50 |
| $ 351.00 |
| $ 351.00 |
| $ 435.00 |
| $ 382.50 |
| $ 351.00 |
| $ 351.00 |
| $ 351.00 |
| $ 351.00 |
| $ 351.00 |
| $ 298.50 |
| $ 351.00 |
| $ 351.00 |

| | |
|---|---|
| $ | 351.00 |
| $ | 351.00 |
| $ | 351.00 |
| $ | 351.00 |
| $ | 351.00 |
| $ | 330.00 |
| $ | 351.00 |
| $ | 351.00 |
| $ | 351.00 |
| $ | 351.00 |
| $ | 393.00 |
| $ | 351.00 |
| $ | 351.00 |
| $ | 351.00 |
| $ | 351.00 |
| $ | 351.00 |
| $ | 351.00 |
| $ | 351.00 |
| $ | 351.00 |
| $ | 351.00 |
| $ | 351.00 |
| $ | 351.00 |
| $ | 351.00 |
| $ | 351.00 |
| $ | 351.00 |
| $ | 351.00 |
| $ | 246.00 |
| $ | 351.00 |
| $ | 351.00 |
| $ | 351.00 |
| $ | 351.00 |
| $ | 351.00 |
| $ | 289.00 |
| $ | 289.00 |
| $ | 289.00 |
| $ | 289.00 |
| $ | 289.00 |
| $ | 289.00 |
| $ | 289.00 |
| $ | 289.00 |
| $ | 289.00 |
| $ | 289.00 |
| $ | 67.00 |
| $ | 60.00 |
| $ | 48.00 |
| $ | 36.00 |
| $ | 76.00 |
| $ | 99.00 |
| $ | 70.00 |
| $ | 99.00 |
| $ | 99.00 |

| | |
|---|---|
| $ | 99.00 |
| $ | 103.75 |
| $ | 103.75 |
| $ | 213.00 |
| $ | 213.00 |
| $ | 213.00 |
| $ | 213.00 |
| $ | 213.00 |
| $ | 213.00 |
| $ | 213.00 |
| $ | 213.00 |
| $ | 213.00 |
| $ | 213.00 |
| $ | 213.00 |
| $ | 213.00 |
| $ | 213.00 |
| $ | 213.00 |
| $ | 213.00 |
| $ | 127.50 |
| $ | 213.00 |
| $ | 308.00 |
| $ | 127.50 |
| $ | 64.00 |
| $ | 64.00 |
| $ | 60.00 |
| $ | 103.75 |
| $ | 75.00 |
| $ | 75.00 |
| $ | 75.00 |
| $ | 75.00 |
| $ | 127.50 |
| $ | 127.50 |
| $ | 99.00 |
| $ | 156.00 |
| $ 33,866.75 | |